**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50033 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00166-PA-3 |
| v. | |
| TRACI BURLEIGH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted January 11, 2011
Pasadena, California

Before: McKEOWN, W. FLETCHER, and CLIFTON, Circuit Judges.

Traci Burleigh was arrested when the police seized the warehouse where she

was assisting with a marijuana growing operation. The police initially seized the

warehouse without a warrant. They later obtained a warrant and searched the

warehouse. Burleigh appeals the district court's denial of her motion to suppress

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

all evidence gathered during the warrantless seizure and the later search pursuant to the warrant. Burleigh also appeals the district court's imposition of three special conditions on her supervised release, specifically that Burleigh must abstain from alcohol use, participate in outpatient substance abuse treatment program, and participate in a mental health treatment program. We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part, affirm in part, and remand.

To the extent that the district court denied Burleigh's motion to suppress the evidence because it determined that the warrantless seizure was constitutional, this was error. The warrantless entry and seizure were unconstitutional because they were not justified by exigent circumstances. See United States v. Struckman, 603 F.3d 731, 739 (9th Cir. 2010) ("It is clearly established Federal law that the warrantless search of a dwelling must be supported by probable cause and the existence of exigent circumstances.") (internal quotation and citation omitted). On the factors of this case, the police officers's speculations that there were individuals inside the warehouse who might destroy evidence and that these individuals knew or might be alerted that the warehouse was under surveillance are insufficient to meet the government's burden of proving exigent circumstances. See United States v. Driver, 776 F.2d 807, 810 (9th Cir. 1985) (the government's

"burden is not satisfied by leading a court to speculate on what may or might have been the circumstances" requiring the warrantless entry).

Although the warrantless seizure was unjustified, there was no undue delay in obtaining the warrant. The police officers diligently prepared the warrant application and obtained the warrant within two hours of the seizure. See Segura United States, 468 U.S. 796, 812 (1984) (holding that nineteen-hour delay in obtaining warrant did not constitute undue delay where there was no evidence that "officers, in bad faith, purposely delayed obtaining the warrant"). Further, the warrant was based on probable cause. The alleged falsities in the warrant do not render it invalid because they are not necessary to the finding of probable cause. See Franks v. Delaware, 438 U.S. 154, 171-72 (1978). We remand to the district court to determine whether any evidence obtained during the warrantless seizure or the subsequent search pursuant to the valid warrant should be suppressed as "fruit" of the warrantless seizure, see United States v. Ramirez-Sandoval, 872 F.2d 1392, 1395-96 (9th Cir. 1989), or whether it is admissible pursuant to a warrant exception such as the "inevitable discovery" or "independent source" exceptions, see Nix v. Williams, 467 U.S. 431, 444 (1984); Segura v. United States, 468 U.S. 796, 805 (1984).

10-50033

The district court abused its discretion by imposing on Burleigh supervised release conditions relating to alcohol use and participation in a substance abuse treatment program. There is no evidence that at the time of sentencing Burleigh had an alcohol or substance abuse problem. See United States v. Betts, 511 F.3d 872, 877-78 (9th Cir. 2007). The district court did not abuse its discretion by requiring Burleigh to participate in a mental health treatment program. Burleigh stated that she is attending therapy to cope with the stress of her arrest and plans to continue attending therapy, and thus the district court was justified in finding that she is in need of psychological treatment. See U.S. Sentencing Guidelines Manual § 5D1.3(d)(5).

Finally, we remand to the district court to correct a clerical error in the judgment and conviction order. Burleigh pled guilty to one count of manufacturing a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii). The judgment and conviction order, however, state that she also was convicted of possession with intent to distribute a controlled substance. On remand, the district court should enter a corrected judgment and conviction order properly listing Burleigh's conviction offense.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**